WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Glenn Uthe,<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security,<br><br>Defendant. | No. CV16-3524-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Ronald Uthe seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the ALJ's decision contains reversible error, the Court will reverse and remand for further proceedings.

**I.    Background.**

Plaintiff is a 54 year-old male who previously served in the military and worked as a security guard and private investigator. A.R. 19, 35. Plaintiff applied for disability insurance benefits on November 12, 2014, and for supplemental security income on April 16, 2015, alleging disability beginning January 1, 2005. A.R. 164-74. On April 15, 2016, Plaintiff appeared unrepresented and testified at a hearing before the ALJ. A.R. 29-54. A vocational expert also testified. A.R. 49-53. On May 12, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security

Act. A.R. 11-21. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. A.R. 1.

## II. Legal Standard.

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Harmless error principles apply in the Social Security context. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.*

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) he is not currently working, (2) he has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") prevents his performance of any past relevant work. If the claimant meets his burden through step three, the Commissioner must find him

disabled. If the inquiry proceeds to step four and the claimant shows that he is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant nonetheless is capable of other work suitable for his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2008, and has not engaged in substantial gainful activity since January 1, 2005. A.R. 13. At step two, the ALJ found that Plaintiff has the following severe impairment: degenerative disc disease. A.R. 13-14. The ALJ acknowledged that the record contained evidence of hearing loss, hypertension, hyperlipidemia, history of skin cancer, sleep apnea, GERD, and depression, but found that these are not severe impairments. A.R. 14. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. A.R. 15-16. At step four, the ALJ found that Plaintiff has the RFC to perform light work with some additional limitations, and Plaintiff is unable to perform any past relevant work. A.R. 16-19. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. A.R. 20.

**IV. Analysis.**

Plaintiff argues the ALJ's decision is defective because it is based on legal error and is not supported by substantial evidence. Doc. 14 at 4. More specifically, Plaintiff argues that the ALJ erred by failing to consider his Department of Veterans Affairs ("VA") disability rating. Doc. 14 at 1, 7-8. Plaintiff also argues that the ALJ's determination that he could perform light work is not supported by substantial evidence, and that the ALJ erred by (1) rejecting the opinions of Plaintiff's specialist VA treating physicians, (2) applying an incorrect standard to determine that Plaintiff's additional impairments were non-severe, (3) finding that Plaintiff's impairments did not meet or

equal a listed impairment, (4) failing to consider Plaintiff's limitations in response to work stress, (5) rejecting lay evidence, (6) relying on vocational-expert testimony that did not account for all of Plaintiff's non-exertional impairments, and (7) discrediting Plaintiff's testimony. Doc. 14 at 4-8.

In support of his arguments, Plaintiff simply cites a legal standard without analyzing how the standard applies to the ALJ's decision. Plaintiff does not identify where the ALJ committed each of the alleged errors, nor does Plaintiff point to evidence in the record to support his arguments. The Court "review[s] only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). The Court will not "manufacture arguments for an appellant, and a bare assertion does not preserve a claim." *Id.* The Court has reviewed the ALJ's decision for apparent inconsistencies with the legal standards cited by Plaintiff, and has found one clear inconsistency regarding the ALJ's failure to consider Plaintiff's VA disability rating. Because this issue requires remand, the Court will not address Plaintiff's remaining arguments. Pro se Plaintiff may argue his additional points on remand.

The ALJ's decision contains no reference to Plaintiff's VA disability rating, although the record suggests in at least 16 places that the VA considered Plaintiff to be 100% service-connected disabled and unemployable.[1] *See* Doc. 18 at 10; A.R. 436, 485, 500, 510, 511, 517, 590-92, 594-96, 598-99, 602, 604. The record does not contain the actual VA disability determination; the rating is simply mentioned in Plaintiff's later VA medical records. *Id.*

"[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding

---

[1] Plaintiff asserts that the VA assigned him "a disability rating of 260%," but could only award him the maximum of 100%. Doc. 14 at 1. Plaintiff's calculation of 260% appears to be the sum of the disability ratings for each of his ten individual impairments. *See* A.R. 485. But as Plaintiff acknowledges, the VA assigned him an overall rating of 100% service-connected disabled. *Id.*

in reaching his decision." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (reversing because the ALJ's decision did not mention claimant's VA disability rating). Ordinarily, an ALJ must give great weight to a VA disability determination, but he may give less weight "if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*[2]

Defendant concedes that the ALJ erred by failing to consider the VA rating, but argues that the error was harmless because the ALJ reasonably considered all of the medical evidence in the record, including the VA physicians' opinions. Doc. 18 at 9-15. If the ALJ had provided "persuasive, specific, valid reasons" for rejecting the underlying basis of the VA rating, the ALJ's failure to mention the rating itself might be harmless error. *McCartey*, 298 F.3d at 1076; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (holding that ALJ did not err in rejecting VA rating where ALJ gave legitimate reasons for rejecting the underlying medical opinions and ALJ had the benefit of new evidence that the VA did not have); *but see Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (holding that ALJ gave valid reasons for rejecting some of the bases for the VA rating, but remanding because ALJ did not consider all of the bases). In this case, however, the Court cannot determine whether the ALJ considered all of the bases for Plaintiff's VA disability rating because the VA decision is not in the record. Thus, the ALJ did not, and the Court cannot, consider the grounds for the VA decision.

Defendant argues that the ALJ adequately addressed the VA rating by considering and rejecting the opinions of two of Plaintiff's VA physicians, Doctors Bruce Kanter and Dina Zaza. Doc. 18 at 10. But the Court cannot determine whether the opinions of these doctors formed the basis of the VA rating or whether other doctors were consulted. In

---

[2] *McCartey*'s holding was based on a prior version of 20 C.F.R. § 404.1504. A new version has since been enacted. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844, 5,864 (Jan. 18, 2017) (effective for claims filed on or after March 27, 2017). But the prior version, and its accompanying binding precedent, apply to this case.

- 5 -

fact, it appears that at least one of Plaintiff's VA disability benefits questionnaires was completed by another practitioner. A.R. 441-48.

**V.     Conclusion.**

Given that there is no indication that the ALJ considered the VA's 100% disability rating, the rating would normally be entitled to great weight, and the ALJ has a duty to be "especially diligent" in developing the record when a claimant is unrepresented, the Court finds that the "circumstances of the case" indicate a reasonable likelihood of prejudice, which requires remand. *McLeod v. Astrue*, 640 F.3d 881, 886-88 (9th Cir. 2011) ("Because we give VA disability determinations great weight, failure to assist [claimant] in developing the record by getting his disability determination into the record is reasonably likely to have been prejudicial.").

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 13th day of October, 2017.

_____
David G. Campbell
United States District Judge